UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AMY DAWN JEFFRIES,

    Plaintiff,

v.                                                                       CIVIL ACTION NO. 1:12CV162

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER/OPINION

This matter is before the undersigned pursuant to a January 31, 2013, Order to Show Cause and Plaintiffs' Memorandum and Statement of Good Cause for Late Filing dated February 13, 2013 [DE 10]. On October 16, 2012, the plaintiff, Amy Dawn Jeffries, by Montie VanNostrand, her attorney, filed a Complaint in this matter [DE 1]. On December 17, 2012, Defendant filed his Answer to the Complaint, along with a copy of the Transcript of the Administrative Proceedings in this matter [DE 5, 6, 7]. Plaintiff's Motion for Summary Judgment was therefore due on or before January 16, 2013. Plaintiff had not filed her Motion for Summary Judgment and Memorandum in Support thereof as of January 30, 2013.

Counsel for Plaintiff represents that a glitch in the Outlook program at her office computer caused pending email messages to the email account address provided to the Court for notification by CM/ECF to be "wiped off" her home office computer and her assistant's office computer. Counsel represents to the Court that as soon as the problem was located (not until this Court's Order to Show Cause) she contacted the IT tech who had set up and installed the program on all her computers, to temporarily fix the problem. She also registered with the Court additional email addresses as a back-up and will retain further computer technician services to make a permanent

correction.

The Court disagrees with counsel's argument that this failure does not represent neglect or negligence in the handling of the case. The method used by counsel to calendar cases, in which the computers at her staffed office use one system but her home office computer uses another, and that she does not check her home office computer's email daily, despite her assertion that office is the "hub" of her firm, is fraught with the opportunity for missed communications. The Court itself, acknowledging the possibility of glitches in computer systems, backs up its computerized notice and calendering in Social Security cases by keeping a manual file in WordPerfect with the case number and name, starting as soon as a Complaint is filed. The date the Answer is due it manually written into the document. When the Answer is filed, the date for Plaintiff's Motion for Summary Judgment is written into the document, etc. It was in this manner–not by any computerized system– that the absence of any motion by Plaintiff was noticed.

The Court also notes that counsel's firm had a similar problem in 2005, when at least seven Social Security cases were neglected. The Court allowed for late filing after counsel represented that a trusted employee had not only dropped the ball, but had misled counsel as to the filing of the motions. The Court raises this previous issue to reiterate the fact that the lawyer is responsible for the filing and the deadlines–not the lawyer's employees or computer calendaring system.

Under Rule 6(b)((1)(B) of the Federal Rules of Civil Procedure, "the court may, for good cause, extend the time [] on motion made after the time has expired if the party failed to act because of excusable neglect." "'Excusable neglect' is a somewhat "elastic concept" and not limited strictly to omissions caused by circumstances beyond the control of the movant." <u>Pioneer Inv. Service Co. v. Brunswick Associates Lit. Partnership,</u> 507 U.S. 380 (1993). In assessing what constitutes "excusable neglect" the Supreme Court has set forth the following factors: 1) danger of prejudice

to the opposing party, 2) the length of delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith. Id. (adopted by the Fourth Circuit in the context of Rul 4(a)(5) in Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530 (4th Cir. 1996).

Based upon the facts of this case, the Court finds no prejudice to the defendant, and will extend the time for Defendant to respond to the Motion. The Court further finds the length of delay was quite short, due to the Court's prompt discovery of the missing Motion and Order to Show Cause, and also therefore finds little impact on the judicial proceedings in this case. The Court also finds the movant acted in good faith. The question of whether the reason for the delay was within the reasonable control of the movant is more problematic, but the Court will give counsel's client the benefit of the doubt and also find in her favor on this factor.

Based upon all of which, the Court finds Plaintiff has demonstrated good cause, based on excusable neglect, for her failure to timely file her Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment is therefore ordered filed.[1] Defendant shall have thirty (30) days from the date of entry of this Order to file his Motion for Summary Judgment in response.

It is so **ORDERED**.

The Clerk is directed to send a copy of this Order to counsel of record.

DATED: February 18, 2013.

                 s/ *John S. Kaull*

                 JOHN S. KAULL
                 UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes counsel filed the Motion concurrently with the Response to the Show Cause Order, and directs counsel hereafter to file such a Motion as an attachment to the Response.